UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT KELLY : | |
| : | |
|     **Plaintiff** : | |
| : | |
| V. : | |
| : | |
| : | |
| ELEMENT 119, LLC, and ANDREW : | |
| ZEPPA : | |
|     Defendants : | NOVEMBER 4, 2019 |

COMPLAINT

I. INTRODUCTION

1. Employers must pay overtime wages to their employees unless they "plainly and unmistakably" meet a recognized exemption under state or federal law. *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 222 (2d Cir. 2002) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S. Ct. 453, 4 L. Ed. 2d 393 (1960)). Employers cannot take advantage of the "executive" exemption when they assign fewer than two full time employees to one of its "managers." 29 C.F.R. Sec. 541.100(a)(3). Employers may not retaliate against employees who assert their rights to be paid overtime – even when that conduct is an informal internal complaint. 29 U.S.C. Sec. 215(a)(3); *Lambert in Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 115 (2d Cir. 2015).

2. Here, Defendants Element 119, LLC and its President Andrew Zeppa, classified Plaintiff as an "exempt executive" even though it did not assign him at least two full time employees for over one year of his employment. When Plaintiff complained and asked to be paid his overtime wages, Defendant terminated him – in the same conversation –

referring to his request as "extortion" and falsely claiming that it was laying him off because of a loss of business.

3. Defendants' conduct in failing to pay Plaintiff overtime pay violates the federal Fair Labor Standards Act as well as the Connecticut Minimum Wage Act. Defendants' conduct in terminating Plaintiff violates the FLSA's anti-retaliation provision. Defendants have retained thousands of dollars in overtime pay that it owed to Plaintiff, caused him to become unemployed, damaged his professional reputation, and has and will result in thousands of dollars in damages.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 since these claims arise under federal law.

5. Venue is proper in this district under 28 U.S.C. §1391 because the acts or omissions giving rise to the claims in this Complaint took place in this district.

## III. PARTIES

6. Plaintiff, Robert Kelly is individual residing in Winsted, Connecticut. At all times relevant to this Complaint, Kelly was an employee of the Defendant.

7. Defendant, Element 119, LLC is a limited liability company organized and existing under the laws of the State of Connecticut with a principal place of business located in Thomaston, Connecticut. At all times relevant to this Complaint, Defendant was the employer of Kelly.

8. Defendant Andrew Zeppa is an individual residing in Goshen, Connecticut. All all times relevant hereto Zeppa was the President of Element 119, LLC and was the person with

the ultimate authority to set Plaintiff's hours of employment and pay his wages and was the direct cause for Defendant Element 119, LLC's failure to pay wages as set forth below. Accordingly, Defendant Andrew Zeppa was Plaintiff's employer within the meaning of the CMWA.

## IV. FACTS

9. Defendant hired Kelly in February 2018 as a Warehouse Manager and as the only full time employee in that department.

10. Defendant paid Kelly a flat weekly salary with no overtime pay. He was given raises until his salary reached $1,200 per week in 2019.

11. From then until May 2019, Defendant assigned only one person to report directly to Plaintiff.

12. In May 2019, Defendant assigned a second person to Plaintiff as a direct report.

13. During the period February 2018 to May 2019, Defendant assigned Plaintiff so much work that Plaintiff was frequently required to work more than 40 hours per week to complete his work.

14. For example, during the week ending Saturday October 6, 2018, Plaintiff worked over 44 hours.

15. During this period of time, Defendant classified Plaintiff as an exempt "executive" under the FLSA and did not pay him overtime.

16. During this period of time, Plaintiff worked overtime during nearly every week.

17. Defendant should have paid Plaintiff one and half times his regular rate for his overtime hours but instead did not pay him any additional pay at all.

18. In August 2019, Plaintiff visited the Connecticut Department of Labor website and used their "exemption" questionnaire to see if he was eligible for overtime pay. He had concluded that he was entitled to overtime pay and calculated the amount of back overtime wages that he believed he was due.

19. On August 21, 2019, Plaintiff raised the issue of overtime with Defendant through its Office Manager Leonard Murtishi and its President Andrew Zeppa. In the email to Murtishi and Zeppa dated August 21, 2019, Plaintiff wrote that he was a "Warehouse Manager" in title only' and informed them that he had "consistently worked documented hours above and beyond the dedicated 40-hour work week. Plaintiff wrote that he had worked 197.25 hours of overtime and that was entitled to $8,192.50 in back overtime pay.

20. He had concluded that he was entitled to overtime pay and calculated the amount of back overtime wages that he believed he was due. Plaintiff wrote that he had worked 197.25 hours of overtime and believed he was entitled to $8,192.50 in back overtime pay.

21. On August 22, 2019, Defendant Zeppa met with Plaintiff at the warehouse to discuss his overtime claim. Plaintiff informed Zeppa that he believed he was entitled to back overtime pay as indicated in his recent email.

22. Plaintiff stated "Well, I mean there's a simple thing, go … there's a test for DOL. Did Lenny do that? Did he go down the test? If you go to the DOL website there's a test. Exempt and Non-Exempt. You do down the list, does that person qualify."

23. Zeppa responded "That's f…ng nuts dude." He also stated "Alright, so, I mean, I'm obviously not going to pay you the … $8,000 for some made up thing that, you know,,

you wrote an email about. …"  He later said "You think that we're going to go back and forth with like you strong arming me and then extorting me and then all of this freaking and then I've got emails like this.  Do you think this is gonna … how long is this gonna go on for, c'mon?"

24. Zeppa then told Plaintiff that he was "I'm going to lay you off" allegedly because of slow business.

25. Zeppa insisted that Plaintiff leave the premises and threatened to call the police if he returned to the office.

**COUNT ONE:    FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA AGAINST DEFENDANT ELEMENT 119, LLC.**

26. As set out more fully above, Defendant Element 119, LLC misclassified Plaintiff as an exempt executive even though for over a year he did not direct the work of two full time employees, all in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

27. As a direct and proximate result of Defendant's misclassification, it failed to pay Plaintiff overtime pay that he had earned.   Accordingly, Defendant is liable to Plaintiff for back overtime wages, liquidated damages, attorneys' fees and costs.

**COUNT TWO:    FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA AGAINST DEFENDANT ANDREW ZEPPA.**

28. As described above, Defendant Andrew Zeppa was Plaintiff's employer and is personally responsible for Element 119, LLC's failure to pay overtime wages to Plaintiff.

29. Defendant Zeppa misclassified Plaintiff as an exempt executive even though for over a year he did not direct the work of two full time employees, all in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

30. As a direct and proximate result of Defendant's misclassification, it failed to pay Plaintiff overtime pay that he had earned. Accordingly, Defendant Zeppa is liable to Plaintiff for back overtime wages, liquidated damages, attorneys' fees and costs.

**COUNT THREE:   FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE CMWA AGAINST DEFENDANT ELEMENT 119, LLC.**

31. As set out more fully above, Defendant Element 119, LLC misclassified Plaintiff as an exempt executive even though for over a year he did not direct the work of two full time employees, all in violation of the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq*.

32. As a direct and proximate result of Defendant's misclassification, it failed to pay Plaintiff overtime pay that he had earned. Accordingly, Defendant is liable to Plaintiff for back overtime wages, penalty damages, attorneys' fees and costs.

**COUNT FOUR:   FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE CMWA AGAINST DEFENDANT ANDREW ZEPPA.**

33. As described above, Defendant Andrew Zeppa was Plaintiff's employer and is the person ultimately and personally responsible for Element 119, LLC's failure to pay overtime wages to Plaintiff.

34. Defendant Zeppa misclassified Plaintiff as an exempt executive even though for over a year he did not direct the work of two full time employees, all in violation of the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

35. As a direct and proximate result of Defendant's misclassification, it failed to pay Plaintiff overtime pay that he had earned.  Accordingly, Defendant Zeppa is liable to Plaintiff for back overtime wages, penalty damages, attorneys' fees and costs.

**COUNT FIVE:** **RETALIATION FOR ASSERTING HIS RIGHT TO OVERTIME PAY IN VIOLATION OF THE FAIR LABOR STANDARDS ACT.**

36. As described above, Defendant Element 119, LLC terminated Plaintiff as a result of his complaint that he had been denied overtime pay to which he was entitled under the Fair Labor Standards Act.

37. Defendant's conduct violates Section 215(a)(3) of the FLSA (29 U.S.C. Sec. 215(a)(3)) which prohibits employers from discharging employees who complain about violations of their overtime rights. *Lambert in Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 115 (2d Cir. 2015).

38. As a direct and proximate result of Defendant's illegal retaliatory discharge, Plaintiff has sustained and will continue to sustain damages including lost income, benefits, damage to his professional reputation, attorneys' fees and costs.

**DEMAND FOR RELIEF**

Plaintiffs claim:

1. Compensatory damages;

2. Liquidated damages under the FLSA;

3. Penalty damages under the CMWA;

d. Interest pursuant to C.G.S. Sec. 37-3a;

e. Attorneys' fees and costs; and

f. Such other and further relief as the Court deems just and equitable.

**IX.   JURY DEMAND**

Plaintiff demands a trial by jury for all issues so triable.

                                              Plaintiff, ROBERT KELLY

By: */s/ Richard E. Hayber*
Richard E. Hayber
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06106
Fed No.: ct11629
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com
Attorney for Plaintiff